UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

GERALD YORK, JR.

NO. 11-111-BAJ-SCR

## RULING AND ORDER

On January 12, 2012, defendant Gerald York, Jr. ("Defendant") pled guilty to a two-count Indictment that charged him with distribution of cocaine and cocaine base in Count One, and distribution of cocaine base in Count Two, both in violation of Title 21, United States Code, Section 841(a)(1). On May 4, 2012, the Court sentenced Defendant to a term of imprisonment of 60 months. Pursuant to an Order to Surrender, Defendant is scheduled to report to the Bureau of Prisons by June 11, 2012, at 2:00 p.m. (doc. 20).

Before the Court is a motion by Defendant to continue his existing bail and supervised release status pending his appeal pursuant to 18 U.S.C. § 3143(b) (doc. 23). The Government has filed an opposition to Defendant's motion (doc. 29). Having reviewed the filings of both parties, the Court determines that Defendant's motion must be denied.

I.     18 U.S.C. § 3143(b)

A defendant's release status pending appeal is governed by the provisions

of 18 U.S.C. § 3143(b).[1] Therefore, to obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without punishment, or in a sentence with reduced imprisonment. *U.S. v. O'Keefe*, 169 F.3d 281 (5th Cir.

---

[1] 18 U.S.C. § 3143(b) provides:

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

2

1999). The four factors are conjunctive, and the absence of any one will prevent release. *U.S. v. Clark*, 917 F.3d 177, 179 (5th Cir. 1990). The burden of establishing the criteria enumerated in § 3143(b) rests with the defendant. *U.S. v. Crabtree*, 754 F.2d 1200, 1201 (5th Cir. 1985).

The Fifth Circuit has recognized that 18 U.S.C. § 3143(b) reflects a congressional intent "to substantially limit the availability of bail pending appeal." *U.S. v. Valera-Elizondo*, 761 F.3d 1020, 1025 (5th Cir. 1985). As such, the Fifth Circuit has held that a convicted defendant has no constitutional right to bail. *U.S. v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006).

## II. Flight Risk or Danger to Community

Defendant asserts that he is neither a flight risk nor poses a danger to the community, as he was allowed to remain out of custody and on bond through the duration of the above-captioned case. Defendant further asserts that he has abided by all of the terms of his pre-trial release, appeared at every court appearance, and is a non-violent first-time offender. Lastly, Defendant argues that he has no incentive to flee, as he has a close relationship with his family. (Doc. 23-1, pp. 1-2).

The Government contends that Defendant cannot show that he is not likely to pose a danger to the community by clear and convincing evidence (doc. 29, p. 3). To support its argument, the Government references paragraphs 7-9 of the Pre-sentence Investigation Report ("PSR"), which describe the circumstances under which the police officers found Defendant upon their execution of the arrest and

3

search warrants (*Id*). In addition to the presence of the narcotics for which Defendant was convicted of distributing, police officers found several loaded firearms and additional narcotics (possession of which Defendant was not charged). As such, the Government asserts, and the Court agrees, that Defendant may pose a danger to the community.

As the Court has established that Defendant may pose a danger to the community, the Court need not determine whether Defendant is likely to flee. Accordingly, the Court finds that Defendant has not carried his burden of proof, and he is unable to establish by clear and convincing evidence that he does not pose a danger to the community.

### III. Substantial Question

Assuming, *arguendo*, that the Court determined that Defendant established that he may not pose a danger to the community by clear and convincing evidence, the Court, nevertheless, finds that Defendant has not carried his burden to sufficiently set forth evidence to show the existence of either the third or fourth factors; namely, that the appeal raises a substantial question of law or fact, and that a decision on such a substantial question in Defendant's favor would result in reversal, a new trial, a sentence without imprisonment, or reduced imprisonment. A substantial question of law or fact for purposes of § 3143(b) has been construed as one that is "close" or "that could very well be decided the other way." *U.S. v. Clark*, 917 F.3d 177 (5th Cir. 1990).

Defendant asserts that his appeal "hinges upon the resolution of complex legal questions concerning ineffective assistance of counsel" and that he "has not yet made a final determination as to which issues he will raise on appeal, regarding ineffective assistance of counsel. . ." (doc. 23-1, p. 3). To support his ineffective assistance of counsel claim, Defendant asserts that his previous counsel of record: (1) "filed no documents whatsoever in this case"; (2) has never filed any documents in this court's system; (3) never electronically filed a motion to withdraw in the matter after Defendant entered into his plea agreement; (4) failed to communicate with Defendant during the pendency of his proceedings; (5) told Defendant that he would receive probation if he pled guilty in spite of Defendant's desire to proceed to trial; (6) was unaware of the deadline to file objections to the PSR; and (7) argued "no case law nor factual basis for this Honorable Court to seriously consider in contemplating a sentence for the Defendant." (Doc. 23-1, pp. 4-5). However, the Court notes that Defendant fails to cite to any case law that would either support his argument of ineffective assistance of counsel, or persuade the Court that Defendant is likely to succeed on appeal.

Moreover, when asked by the Court at the time he entered his guilty plea whether anyone, including his attorney, told him what sentence he would actually receive if the Court were to accept his guilty plea, Defendant answered in the negative. When asked by the Court if he was satisfied with the advice and services of his attorney, Defendant responded in the affirmative. Furthermore, the

Government submits, and the Court agrees, that when the Assistant United States Attorney read the factual basis that summarized the drug trafficking activity for which Defendant was charged, to Defendant in open court, the Defendant agreed that the factual basis was accurate. Lastly, the Court found that Defendant's guilty plea was knowing, voluntary, and intelligently offered.

The Government also points out that, because of successful plea negotiations with Defendant's previous counsel of record, Defendant was not charged with possession of a firearm in furtherance of a drug trafficking crime nor with an additional narcotics charge (doc. 29, p. 5). The Government submits that, had Defendant been charged with the firearm violation, he would have been subject to a mandatory five years of imprisonment in addition to the sentence he received (doc. 29, p. 6). The Court notes that, as a result of Defendant's plea agreement and guilty plea, he received a reduced sentence.

As such, the Court does not find that Defendant's appeal raises a substantial question of law or fact and that a decision on such a substantial question in Defendant's favor would result in reversal, a new trial, a sentence without imprisonment, or reduced imprisonment pursuant to § 3143(b). Accordingly, Defendant fails to meet the burden of proof as set forth in § 3143(b). Therefore, Defendant's motion for release pending appeal is denied.

**Motion to Extend Surrender Date**

In a footnote to his motion, Defendant requests that, if the Court denies his

motion for bond pending appeal, his surrender date be extended until after the Christmas holidays (doc. 23-1, p. 1, n. 1). The Court notes that Defendant has been on bond since September 16, 2011, and has had adequate time to get his affairs in order. Accordingly, Defendant's request is denied.

## Conclusion and Order

Accordingly, for the reasons stated herein, Defendant's motion (doc. 23) is **HEREBY DENIED**.

**IT IS FURTHER ORDERED** that Defendant report to the designated facility of the U.S. Bureau of Prisons before 2:00 p.m. on June 11, 2012, in accordance with the Order to Surrender (doc. 20).

Baton Rouge, Louisiana, May 24, 2012.

---

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA