UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| GERALD YORK, JR. | NO.: 3:11-cr-00111-BAJ-SCR |

<u>RULING AND ORDER</u>

Before the Court is Petitioner's *pro se* **MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (Doc. 46).** Petitioner also requests leave to proceed *in forma pauperis* ("IFP"). (Doc. 47). Petitioner's IFP application satisfies the statutory requirements set forth in 28 U.S.C. § 1915. (*See* Doc. 47). Accordingly, Petitioner's IFP request is GRANTED. However, for reasons explained below, Petitioner's § 2255 Motion is DENIED.

I.  BACKGROUND

On August 31, 2011, a federal grand jury returned an indictment charging Petitioner with one count of distributing a detectable amount of cocaine and cocaine base, and one count of distributing a detectable amount of cocaine base, each in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). Thereafter, on January 12, 2012, Petitioner pleaded guilty to each count of the indictment, pursuant to the terms of a plea agreement. (Doc. 15, 16). Petitioner's plea agreement provided, among other things, that in exchange for Petitioner's plea, "no additional criminal charges related to the violations contained in the Indictment or to the firearms and

controlled substance violations occurring within the Middle District of Louisiana on September 12, 2011, will be brought against the defendant in this district." (Doc. 16 at ¶ 2). The plea agreement also contained an appeal waiver, stating:

> The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

(*Id.* at ¶ 8).

Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSI") indicating that Petitioner faced a United States Sentencing Guidelines ("USSG") range of 57 to 71 months imprisonment based on a total offense level of 25, and a criminal history category of I. (Doc. 18 at ¶ 49; Doc. 28 at p. 1). Petitioner's total offense level included a 2-level enhancement for possession of "a dangerous weapon (including firearm)" when he committed his offenses, pursuant to USSG § 2D1.1(b)(1). (Doc. 18 at ¶ 18).

Petitioner's sentencing hearing was on May 4, 2012. (Doc. 27 at p. 1). Petitioner did not object to the factual statements or guidelines calculation contained in the PSI. (*See* Doc. 19; Doc. 31 at pp. 2–3). Accordingly, "the court

2

adopt[ed] the undisputed factual statements reflected in the [PSI], as well as the computations reflected therein," (Doc. 31 at pp. 2–3), and sentenced Petitioner to "a total term of 60 months" imprisonment, (Doc. 27 at p. 2). In determining Petitioner's sentence, the Court considered "the sentencing factors enumerated in 18, USC, Section 3553(a)," specifically noting the nature, circumstances, and seriousness of Petitioner's offenses, as well as Petitioner's extenuating family circumstances. (Doc. 31 at pp. 11–12).

After this Court entered judgment, the U.S. Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on February 20, 2013. (Doc. 43 at pp. 3–4).

On September 12, 2013, Petitioner filed the § 2255 Motion and the application to proceed *in forma pauperis* that are the subject of this Order. (Doc. 46; Doc. 47). Petitioner's Motion asserts 6 grounds for relief:

(1) "The government and the District Court breached the Plea agreement" when "[t]he District Court enhanced the Petitioner['s sentence] for relevant conduct," specifically "possession of a firearm in furtherance of a drug crime," (Doc. 46 at p. 4;

(2) "Appellate [counsel] was ineffective and raised an issue that was barred from review on direct appeal," (*id.*);

(3) Trial counsel was ineffective for "allowing the prosecution to bring the PSI to the Petitioner 2 days prior to sentencing with out [sic] properly explaining and reading the PSI to the Petitioner," and for failing to "object to the enhancement of the firearm possession," (*id.* at p. 5);

(4) Petitioner's sentence is unconstitutional because it "was enhanced by 2 levels by using the facts given by the PSI writer and not a jury," (*id.* at p. 7);

3

(5) The "District Court errored [sic] in dertermining [sic] Petitioner's sentence" because it failed to account for Petitioner's wife who is "disabled and depends on her husband for care and support," (*id.* at p. 8);

(6) Petitioner's indictment did not include all the elements of the crime and did not inform the Petitioner of the 'nature and cause' of the accusation," (*id.* at p. 9).

A hearing on these matters is not necessary.

## II. DISCUSSION

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

### A. Enforceability of Petitioner's Appeal Waiver

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). Similarly,

"a defendant can waive his right to file a section 2255 motion." *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). However, "a defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel." *Id.*

Petitioner's § 2255 Motion does not allege in so many words that his waiver was involuntary. (*See generally* Doc. 46). The gravamen of Petitioner's complaint, however, is that he was not properly informed of the possibility of the 2-level sentencing enhancement for possessing a firearm while committing his offenses. (*See generally* Doc. 46). Certainly, it was among defense counsel's duties to discuss with Petitioner the application of the sentencing guidelines to his case.[1] *Walker v. Caldwell*, 476 F.2d 213, 218 (5th Cir. 1973) ("Providing [an] understanding of the law in relation to the facts is the function of the accused's appointed counsel." (quotation marks omitted)). Thus, mindful of the Supreme Court's admonishment that *pro se* litigants are entitled to liberal construction of their pleadings, this Court will first inquire as to whether "the waiver of appeal itself was tainted by the ineffective assistance of counsel." *White*, 307 F.3d at 339; *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

---

[1] Further evidence that Petitioner intends to attack the voluntariness of his appeal waiver on ineffective assistance of counsel grounds is found in Petitioner's previously filed Motion to Withdraw Guilty Plea, where Petitioner argued, among other things, that his plea was involuntary due to counsel's "failure to communicate . . . during the proceedings," and 2) counsel's advice that Petitioner would be sentenced to probation rather than imprisonment because he is a "first time offender." (Doc. 24-1 at p. 5). This Court denied Petitioner's Motion to Withdraw Guilty Plea, explaining that it was "not the appropriate vehicle for defendant to challenge the effectiveness of his former counsel's representation," and advising that under Fed. R. Crim. P. 11(e), Petitioner's conviction and sentence "may be set aside only on direct appeal or collateral attack." (Doc. 37 at p. 2 (quotation marks omitted)).

In order to establish ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Here, Petitioner's claim that ineffective assistance of counsel tainted his waiver of his appeal rights fails because Petitioner cannot show that his counsel's performance was deficient. The record of the plea proceedings shows that Petitioner answered affirmatively when asked by the district court if his counsel had reviewed the contents of the plea agreement with him, including the appeal waiver, (Doc. 32 at p. 22–27). Further, the record reflects that Petitioner answered affirmatively when asked whether his counsel had reviewed the sentencing guidelines applicable to his case, (*id.* at p. 14). Finally, Petitioner stated his understanding that the guidelines are advisory, that the court was not bound by them, and that "any discussions [he] may have had with anyone, including [his] attorney regarding the sentencing guidelines in [his] case, [were] merely rough estimates." (*id.* at pp. 14–15). In short, "[t]here is every indication that [Petitioner's] counsel provided

adequate assistance during the plea proceedings, and that [Petitioner] understood the contents of the plea agreement at the time the district court accepted his guilty plea." *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("When the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." (quotation marks and alterations omitted)). Accordingly, the terms of Petitioner's appeal waiver will be enforced. *See Henderson*, 72 F.3d at 465.

### B. Effect of Petitioner's Appeal Waiver

With limited exceptions, Petitioner's "expressly waive[d] the right . . . to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255." (Doc. 16 at ¶ 8). By operation of this waiver, Petitioner may only seek relief from: (1) "punishment imposed in excess of the statutory maximum"; (2) "punishment which is an upward departure pursuant to the guidelines"; and (3) "punishment which is above the guidelines range calculated by the Court." (*Id.*). Further, Petitioner reserved his right to attack his conviction and sentence based on "claims of ineffective assistance of counsel." (*Id.*).

Petitioner's claim that his sentence is unconstitutional because it "was enhanced by 2 levels by using the facts given by the PSI writer and not a jury" does not fit any of the exceptions enumerated in the appeal waiver, (Doc. 46 at p. 7). *See United States v. Gaitan*, 171 F.3d 222, 223–24 (5th Cir. 1999) (explaining that an increase to a defendant's offense level under the Sentencing Guidelines is not an "upward departure" within the meaning of defendant's plea agreement waiving right to appeal sentence unless based on an upward departure). The same is true of Petitioner's claim that the "District Court errored [sic] in dertermining [sic] Petitioner's sentence" because it failed to account for Petitioner's family circumstances, (*id.* at p. 8). *Cf. United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011) (rejecting defendant's argument that he could not waive his right to appeal the reasonableness of his sentence). Accordingly, these claims are waived.

### C. Petitioner's Remaining Claims

#### i. Breach of the Plea Agreement

Although not expressly reserved as an appealable ground in Petitioner's plea agreement, the U.S. Fifth Circuit Court of Appeals has consistently admonished that "an alleged breach of a plea agreement may be raised despite a waiver provision." *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010) (*citing United States v. Keresztury*, 293 F.3d 750, 755–57 (5th Cir. 2002)). Petitioner argues in his Motion that the "[t]he government and the District Court breached the Plea agreement" when "[t]he District Court enhanced the Petitioner['s sentence] for

8

relevant conduct." (Doc. 46 at p. 4). Specifically, Petitioner asserts that because the "plain language [of] the plea agreement tells the Petitioner that there are to be no charges filed relating to the . . . firearm," "[t]he PSI writer and the prosecution through studied concealment with the help of the defense attorney, illegally enhanced Petitioner an additional 2 points in his offense level." (Doc. 46-1 at p. 3).

This Court applies "general principles of contract law" when interpreting terms of a plea agreement. *United States v. Cantu*, 185 F.3d 298, 302 (5th Cir. 1999). Contract law dictates that "courts are bound to interpret contracts in accordance with the expressed intentions of the parties." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995). Petitioner argues that the government breached the terms of his plea agreement by allowing the Court to apply a 2-level enhancement under USSG § 2D1.1(b)(1) to its calculation of Petitioner's guidelines range. (*See* Doc. 46-1 at pp. 2–3). However, Petitioner's plea agreement says nothing about a § 2D1.1(b)(1) enhancement, much less that said enhancement will not apply to Petitioner's case. (*See generally* Doc. 16). Accordingly, Petitioner's claim that "[t]he government and the District Court breached the Plea agreement" by applying the § 2D1.1(b)(1) enhancement to the calculation of his guidelines range is without merit.[2]

---

[2] Petitioner correctly notes that his plea agreement prevents the government from bringing "additional criminal charges related to the violations contained in the Indictment or to the firearms and controlled substances violations." (Doc. 16 at ¶ 2). He is confused, however, in his assertion that the 2-level USSG § 2D1.1(b)(1) enhancement is equivalent to an "additional criminal charge[]," (*see* Doc. 46-1 at p. 2). *See Witte v. United States*, 515 U.S. 389, 401 (1995) ("[C]onsideration of information about the defendant's character and conduct at sentencing does not result in

9

### ii. Sufficiency of the Indictment

Next, Petitioner challenges the sufficiency of his indictment, arguing that he should not have received the 2-level § 2D1.1(b)(1) enhancement because "this conduct was not included in the indictment." (Doc. 46-1 at pp. 7–8). As before, Petitioner's appeal waiver does not operate to bar this challenge. *See White*, 307 F.3d at 341 n.2. ("[W]aiver of appeal in a plea agreement will not be enforced to bar direct appeal where the appellant correctly contends that the indictment clearly does not state an offense and/or where the factual basis for the plea reflected in the Fed. R. Crim. P. 11(f) proceedings clearly does not show commission of the offense."). Again, however, Petitioner's argument is misplaced. This is because although "[a]n indictment must set forth each element of the crime that it charges . . . . it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). Here, Petitioner's indictment sufficiently set forth each of the elements of the two counts of distributing cocaine with which he was charged. (*See* Doc. 1 at pp. 1–2). Likewise, the factual basis set forth in Petitioner's plea agreement and recited at his rearraignment covered each element of Petitioner's violations. (*See* Doc. 16 at ¶ 11; Doc. 32 at pp. 30–31). Finally, the basis for the 2-level § 2D1.1(b)(1) enhancement—Petitioner's possession of a firearm during commission of his

---

'punishment' for any offense other than the one of which the defendant was convicted."); *see also United States v. Watts*, 9 Fed. Sent. R. 111 (1997) ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.").

offenses of conviction—did not increase the penalty for Petitioner's drug offenses beyond the prescribed 20-year statutory maximum. *See* 21 U.S.C. § 841(b)(1)(C). Accordingly, Petitioner's claim that this information was required to be "included in the indictment" is also without merit. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

### iii. *Ineffective Assistance of Counsel*

Finally, Petitioner argues that his counsel was ineffective at both the trial and appeal phase. Specifically, Petitioner asserts that trial counsel was ineffective for: (1) advising Petitioner "to plead guilty with the understanding that he would receive probation as a sentence instead of prison time," (Doc. 46-1 at p. 4); (2) "allowing the prosecution to bring the PSI to the Petitioner 2 days prior to sentencing with out [sic] properly explaining and reading the PSI to the Petitioner," (Doc. 46 at p. 5); and (3) failing to "object to the enhancement of the firearm possession," (*id.*). Petitioner argues that appellate counsel was ineffective for having "raised an issue that was barred from review on direct appeal." (Doc. 46 at p. 4).

As previously stated, to prevail on an ineffective assistance of counsel claim, Petitioner must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). Here again, Petitioner cannot show that his trial counsel's performance fell below

11

an objective standard of reasonableness. Petitioner's claim that trial counsel induced him to plead guilty based on an understanding that he would receive probation as punishment is flatly contradicted by the transcript of Petitioner's rearraignment proceeding, where Petitioner affirmed his understanding that any discussions he had with his attorney regarding application of the guidelines to his case, and the sentence the court would impose, were "merely rough estimates." (Doc. 32 at pp. 14–15). Likewise, Petitioner's claim that trial counsel failed to "properly explain[] and read[] the PSI" to him is contradicted by his statements at sentencing, when Petitioner affirmed that he had read PSI, and discussed its contents with counsel. (Doc. 31 at p. 2).

"Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and a Petitioner's "mere contradiction of his statements . . . will not carry his burden" of proving that he is entitled to relief from his conviction and sentence, *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). Here, Petitioner's contradictory statements are insufficient to carry the burden of showing that his trial counsel's performance was deficient insofar as he advised Petitioner that he would receive probation if he pleaded guilty, and failed to adequately explain to Petitioner the contents of the PSI.

Further, Petitioner cannot show that trial counsel's performance was deficient for having failed to object to the 2-level § 2D1.1(b)(1) enhancement. Whether Petitioner's attorney committed error in failing to object to the

12

enhancement depends on whether the enhancement was properly applied to his case. *See United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000). Sentencing Guideline § 2D1.1(b)(1) provides: "If a dangerous weapon (including firearm) was possessed, increase [Base Offense Level] by 2 levels." USSG § 2D1.1(b)(1) (2011). In applying the 2-level enhancement, this Court relied on the factual basis contained in the PSI, (Doc. 31 at pp. 3–4), which provided:

> As relevant conduct, on September 12, 2011, agents from the Drug Enforcement Agency, U.S. Marshal's Service, Iberville Parish Sheriff's Office and Ascension Parish Sheriff's Office arrived at [Petitioner's] residence with the arrest warrant for the instant offense and a [sic] Iberville Parish Search Warrant. . . . [Petitioner] was home . . . . In the master bedroom officers found two loaded handguns: a Smith and Wesson .357 and Lorcin .25 caliber on the top of a chest of drawers that contained a male [sic] clothing.
>
> . . .
>
> Officers also found two rifles, a Marlin .22 and a single shot .410 in [Petitioner's] bedroom closet (the house had a his and hers closets). [Petitioner] showed officers his garage which is attached to the residence and retrieved [67.20 grams of cocaine and 16.78 grams of cocaine base] which was located between two car ramps, along with a scale which was inside the bag that contained the cocaine.

(Doc. 18 at ¶¶ 7, 9). Petitioner did not object to this factual basis at sentencing. (Doc. 31 at pp. 3–4). Indeed, even now Petitioner does not object to its accuracy. (*See* Doc. 46-1 at pp. 4–5). Accordingly, this Court determines that the record was more than sufficient to support the application of the § 2D1.1(b)(1) enhancement, *see United States v. Garza*, 118 F.3d 278, 285 (5th Cir. 1997) (holding that evidence was sufficient to support § 2D1.1(b)(1) enhancement where "[f]irearms and cocaine

13

were found . . . in a house, and all the evidence was connected to the defendants."). In turn, Petitioner's ineffective assistance of counsel claim fails because trial counsel's performance was not deficient for failing to object to the application of the enhancement. *See Franks*, 230 F.3d at 813.

Finally, Petitioner's claim that appellate counsel was ineffective for "rais[ing] an issue that was barred from review on direct appeal" fails because Petitioner cannot prove that he suffered prejudice from counsel's performance. To satisfy the prejudice prong of the ineffective assistance of counsel inquiry, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Here, the result of appellate counsel "rais[ing] an issue that was barred from review on direct appeal"—specifically, ineffective assistance of trial counsel, (*see* Doc. 43 at pp. 3–4)—was dismissed, with instructions to raise the issue "in a timely-filed § 2255 proceeding." (*Id.* at p. 4). Petitioner has not produced any evidence to show that this result would have been different, but for counsel having raised the ineffective assistance of counsel issue prematurely. (*See generally* Doc. 46 at pp. 4–5). Accordingly, Petitioner's ineffective assistance of appellate counsel claim also fails.[3]

---

[3] Petitioner suggests that he was prejudiced because by raising a frivolous issue on appeal, counsel "[f]raudulently [took] money from the Petitioner's family." (Doc. 46 at p. 5). Even if Petitioner's allegation of fraud is true, it is insufficient to establish "prejudice" under the *Strickland* standard.

14

## III. CONCLUSION

In sum, while Petitioner has shown that he is entitled to proceed *in forma pauperis*, he has failed to show that he is entitled to the relief that he seeks. Accordingly,

**IT IS ORDERED** that Petitioner's **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 47)** is **GRANTED.**

**IT IS FURTHER ORDERED**, however, that Petitioner's **MOTION UNDER 28 U.S.C. § 2255 (Doc. 46)** is **DENIED.**

Baton Rouge, Louisiana, this 23rd day of January, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

*See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").